925 F.2d 1466
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marjorie REED, Defendant-Appellant.
 No. 89-4033.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1991.
 
 Before KENNEDY and ALAN E. NORRIS, Circuit Judges, and MILES, Senior District Judge.*
 PER CURIAM:
 
 
 1
 Marjorie Reed (defendant), was convicted of intentionally assaulting a government official. She appeals the District Court's denial of her motion for judgment of acquittal, claiming that there was not sufficient evidence to find that she had the intent required for conviction. We conclude that a reasonable jury could find beyond a reasonable doubt that the defendant had the requisite intent, and therefore the District Court's denial of her motion for acquittal is affirmed.
 
 
 2
 On October 28, 1988, Special Agents of the Bureau of Alcohol, Tobacco and Firearms (ATF), Kelby Marlett and Steven Frank, as well as Detective William Taylor of the Lucas County Sheriff's Office went to the defendant's residence on Euclid Street in Toledo, Ohio, in order to arrest the defendant. All three of the officers had previously had contact with the defendant. They were approaching the residence in two separate cars when Agent Marlett observed the defendant preparing to drive away. Agent Marlett, who was driving the first car, drove past the house and waited for the defendant to approach. After the defendant pulled out of her driveway, Agent Marlett turned his emergency and bright lights on, drove toward the defendant in the center of the road, and stopped his car, thereby preventing the defendant from proceeding forward. Marlett got out of his car and walked toward the defendant. The other car, driven by Agent Frank, with Detective Taylor in the passenger seat, approached the defendant from behind. Before Marlett reached the defendant's car, she put her car in reverse, and began to rapidly accelerate toward Agent Frank. Agent Frank steered his car to the left. He testified that he did that in order to protect himself, and to prevent the defendant from proceeding past him. The defendant continued to accelerate, and collided with Agent Frank's vehicle.
 
 
 3
 The defendant was convicted of intentionally assaulting a federal official. This appeal follows.
 
 
 4
 The statute under which the defendant was convicted states that:
 
 
 5
 Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties, shall be fined ... or imprisoned ... or both.
 
 
 6
 18 U.S.C.A. Sec. 111. The defendant claims that there was insufficient proof for a jury to find beyond a reasonable doubt that she intended to assault Agent Frank. She argues that Agent Frank, not she, actually caused the accident, or that even if she did cause the accident, she did not intend to hit Agent Frank's car, but instead intended to pass by him and make an escape.
 
 
 7
 It is not this Court's role to re-try the case, or to determine the credibility of the witnesses. That is for the jury to decide. Instead,
 
 
 8
 [i]n a criminal case the standard of review for claims of insufficient evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."
 
 
 9
 United States v. Ellzey, 874 F.2d 324, 328 (6th Cir.1989) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)) (emphasis in original). Intent is virtually always proved only by circumstantial evidence, which is enough to withstand a sufficiency of the evidence challenge. See Ellzey, 874 F.2d at 328.
 
 
 10
 Agent Marlett testified that the defendant turned her head and looked behind her before she backed up, and that at that time Agent Frank's car was three to four car lengths behind her. He also testified that in his opinion the defendant could not have passed by Agent Frank's car without leaving the road. Whether the defendant could have maneuvered around Agent Frank does not, however, dispose of the issue. The jury inferred from the evidence presented at trial that the defendant intended to hit Agent Frank's car. It was not unreasonable for the jury to do so. Agent Marlett, Agent Frank and Detective Taylor testified that: the defendant turned and looked behind her before she accelerated; that she accelerated at an extremely fast speed; that Agent Frank's car was in the center of the street; and that the defendant was not driving along the curb. A rational jury could have found the requisite intent beyond a reasonable doubt.
 
 
 11
 The judgment of the District Court is therefore AFFIRMED.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior Judge, United States District Court for the Western District of Michigan, sitting by designation